Law Revision

# IN THE SUPERIOR COURT
# OF GUAM

VINCENT A. TENORIO, Individually and as)     Civil Case no. CV 0930-08
the Administrator for the ESTATES OF)
ENRIQUE M. LUJAN, and PAZ LUJAN)
TENORIO,                           )

                 Plaintiff,     )

        v.                  )

                          )

RALPH L. LUJAN, aka RAFAEL L. LUJAN,)
FUJI DEVELOPMENT CORPORATION,)
MARINE DRIVE FRONTAGE)
DEVELOPMENT LLC, a Guam LLC; et al., )
                          )

                Defendants.    )

### DECISION AND ORDER
re: Motion for Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on July 26, 2011. The Plaintiffs are represented by attorney William L. Gavras. Defendants Fuji Development Corporation and Marine Drive Frontage Development LLC, a Guam LLC are represented by Attorney David W. Dooley. After considering the matters presented, the court now issues the following decision and order granting Defendants' motion for summary judgment.

## BACKGROUND

The instant matter arises out of a complaint to quiet title Lot No. 5049-2-R1 Tamuning, formerly Dededo, Guam which was filed on August 15, 2008. The complaint concerns title to Lot. No. 5049-2-R1. At issue is a February 14, 1980 deed of gift, filed at the Department of Land Management, Government of Guam. The property and deed of gift were the subject of

litigation in the fully adjudicated case of *Taitano v. Lujan*, 2005 Guam 26.[1] The property and deed of gift are also the subject of litigation in *Alcantra v. Lujan*, CV0484-05.

The Plaintiff's first and only cause of action alleges he is entitled to unclouded fee simple ownership in the above mentioned property based on three legal theories affecting the deed of gift:(1) it violates the rule against perpetuities and 21 GCA §§2165, 2166; 2) violates 21 GCA §29148 and Guam's Land Title Registration Law; 3) is invalid because it attempted transfer of an expectancy (expectant interest) without consideration.

On March 18, 2011, Defendants Fuji Development Corporation and Marine Drive Frontage Development LLC, a Guam LLC filed a motion for summary judgment. The motion requests that the court find as a matter of law that Plaintiff may not argue three legal theories challenging the validity of the deed of gift under which Defendant Lujan and his successors in interest claim or claimed an interest in the Lot.

## DISCUSSION

Summary judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10, ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett* 477 U.S. 317, 323 (1986).

---

[1] Please see section I of the Supreme Court decision for a more extensive review of the background facts of the instant case.

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the nonmoving party. *Bank of Guam v. Flores*, 2004 Guam 25, ¶7. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7. Consequently, the court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7; *Iizuda*, 1997 Guam 10, ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3, ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at ¶7; *Guam Top*, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted).

**Rule Against Perpetuities**

Plaintiff alleges he is entitled to unclouded fee simple ownership in the above mentioned property because the aforementioned deed of gift violates the rule against perpetuities and 21 GCA §§2165, 2166. On the other hand, Defendant argues that there is no rule against perpetuities on Guam and that the after acquired title law defeats any application of the rule

against perpetuities.[2]

The rule against perpetuities prohibits the creation of a future interest or estate which by possibility may not become vested within a life or lives in being at the time of the effective date of an instrument and 21 years thereafter. *Nash v. Scott*, 966 S.W.2d 936 (1998). In the instant case, Plaintiff argues that because there was no certainty when the federal and local governments would return the property, the interest was not sure to vest within twenty-one years after some life which was in being at the time of the creation of the interest. The court however disagrees with Plaintiff's assertions.

First of all, Defendants have correctly pointed out that the rule against perpetuities has never been codified or established under Guam law. Thus, the court is hesitant to apply the rule to the deed of gift in the instant case. However, the Supreme Court of Guam has already held that the subsequently acquired title doctrine applies to the 1980 deed of gift. *Taitano v. Lujan*, at ¶¶ 51, 56. Guam's subsequently acquired title statute, 21 GCA § 4203, provides that, 'where a person purports by property instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee, or his successors. *Id.* at ¶ 43.

The policy behind the doctrine is to protect an unwitting grantee who relies upon the good title of the grantor when the latter does not possess legal or perfect title to the property. *Schwen v. Kaye*, 202 Cal. Rptr. 374, 375-76 (Ct. App. 1984). Furthermore, a Montana court in Mitchell v. Pestell, 208 P.2d 807 (Mont. 1949), in reviewing its estoppel-by-deed statute describes its operation:

---

[2]The Defendant also argues that the deed of gift did not create a future interest; that the rule against perpetuities does not apply to an ancestral lands future interest or future interests created by the United States government.

The salutary principle that if a vendor conveys land or an interest in land to which he has not title, and to which he afterward acquires title, the title thus acquired shall inure to the benefit of his vendee, and he is thereby estopped to assert the same as against his grantee, cannot be defeated in equity by any circuitous method of attempting to dishonor or disclaim his covenants.

*Id.* at 811. The doctrine of subsequently-acquired title thus puts grantors on notice that a conveyance will be honored by the law even if the grantor changes his mind after he actually receives the title he expected. *Taitano v. Lujan*, at ¶ 46. It is designed, not so much to protect the prior grantee, as to prevent inconsistent grants or unjust enrichment by the grantor. *Id.* If the first grant would otherwise be valid if the grantor did own the land, then the initial grant counts if the grantor afterward acquires ownership, regardless of whether the grantor owns it or not at the time of the initial grant. *Id.*

In applying the above doctrine and the Guam Supreme Court's analyses in *Taitano* to the exact same deed of gift, the court finds that rule against perpetuities is inapplicable to void the 1980 deed of gift from Enrique, Isabel and Paz to Rafael from which the defendants claim title in this case because the subsequently acquired title law applies. The law is applicable because the deed of gift conveyed an alienable contingent future interest which was later transformed into a fee simple interest. The contingency was the return of the property from the United States to the government of Guam, who would then return the land to the original landowners. Thus, at the time the deed of gift was made the grantors did not have fee simple interest in the property.

However, the return of property to the original landowners did in fact occur, which in effect made the interest in the property freely transferable by deed of gift and not just a "mere possibility". The subsequently acquired title law applies because Enrique, Isabel and Paz purported by property instrument (the 19080 deed of gift) to grant real property in fee simple,

and subsequently acquired fee simple title when the land was returned. The fee simple interest therefore passed by operation of law to Defendant Rafael Lujan pursuant to Guam's subsequently acquired title law. *See* 21 GCA § 4203. Therefore, the court finds that there is no genuine issue of material fact and that Defendants are entitled to judgment as a mater of law as to this claim.

**Guam's Land Title Registration Law**

As mentioned above, Plaintiff claims he is entitled to unclouded fee simple ownership in said property based on the notion that Guam's Land Title Registration Law was violated. In the Defendants' motion however, they argue that Plaintiff cannot prevail under Guam Land Registration Law because the property was never registered under that law. In his opposition, the Plaintiff withdraws his assertions under this claim. Thus, summary judgment is appropriate as to this claim.

**Attempted transfer of an expectancy (expectant interest) without consideration**

Plaintiff also argues that the February 14, 1980 deed of gift is invalid because it attempted transfer of an expectancy (expectant interest) without consideration. However, the Supreme Court of Guam found that the deed of gift conveyed an alienable contingent future interest, not an expectancy. *Taitano v. Lujan*, 2005 Guam ¶ 41. Plaintiff argues that the rationale and holding in *Taitano* are incorrect. This court declines to overrule Guam's Supreme Court in a case involving the very same deed of gift and property. Therefore, Defendants Fuji Development Corporation and Marine Drive Frontage Development LLC, a Guam LLC are entitled to summary judgment on this legal theory.

## CONCLUSION

Based on the foregoing, the court **GRANTS** Defendants Fuji Development Corporation's and Marine Drive Frontage Development LLC, a Guam LLC's motion for summary judgment

because there are no issues of material fact regarding the Plaintiff's legal theories challenging the validity of the deed of gift.

SO ORDERED, this 17 day of Nov 2011.

Original Signed By!
HON. MICHAEL J. BORDALLO

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam



NOV 1 7 2011

